THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT E. MOLENDA, Defendant-Appellant.

Second District   No. 78-123

Opinion filed May 21, 1979.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

William Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was convicted of burglary, after a jury trial, and sentenced to two to six years' imprisonment. He appeals contending that the trial court erred in denying the defendant's suppression motion.

Crucial evidence at the defendant's trial consisted of a checkbook with the names of Mr. and Mrs. Dobrolinsky printed on it which was found on the defendant's person on March 10, 1977. The checkbook had been taken during a burglary of the Dobrolinsky home on February 22 or 23, 1977.

The circumstances leading to the seizure of the checkbook, as gleaned from the transcript of the suppression hearing, were as follows: On March 10, 1977, the defendant and his brother-in-law, Steve Briarton, were walking on the shoulder of the road along Route 72 in Schaumburg, Illinois, with their thumbs extended, soliciting a ride when Officer Robert Stachnik observed them. The officer drove up to the defendant and Briarton, got out of his squad car and asked the two for identification. The defendant showed Officer Stachnik an expired driving instructional permit. The officer asked the defendant where he was coming from and his destination and the defendant responded that he was hitchhiking from Busse Woods to his home in Woodstock. Officer Stachnik observed a pipe

protruding from the defendant's coat pocket and since he had seen similar pipes used for smoking cannabis, he ordered the defendant and Briarton to put their hands on the hood of the squad car and searched their pockets. When he reached into the pocket of the defendant's coat, he found the Dobrolinsky checkbook. The officer testified that he then arrested the defendant for possession of stolen property and hitchhiking.

Under the authority of section 107—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 107—14), a police officer,

> "* * * may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense * * *."

Thus, the investigatory stop of the defendant in this case would be valid if it were shown that Officer Stachnik reasonably believed that the defendant and his companion had committed, or were about to commit, the offense of "hitchhiking."

The current Illinois "hitchhiking" prohibition is contained in section 11—1006(a) of the Illinois Vehicle Code, which states that,

> "No person shall stand in a roadway for the purpose of soliciting a ride from the driver of any vehicle." Ill. Rev. Stat. 1977, ch. 95½, par. 11—1006(a).

The Illinois Vehicle Code defines "roadway" as "[t]hat portion of a highway improved, designed or ordinarily used for vehicular travel, *exclusive of the berm or shoulder* * * *." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 95½, par. 1—179.

Since it is undisputed that the defendant and Briarton were on the shoulder during the entire time that Officer Stachnik observed them and since there was no testimony that the pair made any move to stand in the roadway, it appears from the face of the statute that Officer Stachnik could not reasonably have believed that the defendant was violating this statute. Further, although the officer testified at the suppression hearing that the Schaumburg Village Code contains an ordinance which makes it "purely prohibitive to hitchhike," it appears that, in fact, the only Schaumburg ordinance on that point simply adopts section 11—1006(a) of the Illinois Vehicle Code by reference.

The defendant argues that the requirements of section 107—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 107—14) and *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, for reasonable belief regarding the commission of a crime, were therefore not met in this case and that the trial court thus erred in denying the suppression motion. The State responds that even if the defendant was not violating any statute or ordinance when Officer Stachnik

observed him, the officer could reasonably have *believed* that the defendant was in violation of the law because the officer was not expected to be a "legal technician." As the State sees it, since the defendant's conduct was what would be regarded in common parlance as hitchhiking, it was reasonable for the officer to conclude that his conduct was violative of the Illinois statute governing this subject. After due consideration, we find that the defendant's arguments are more persuasive than the ingenious assertion advanced by the State.

We might be of a different view if the statute was ambiguous, or required judicial construction to determine its scope or meaning. (Compare *People v. Teresinski* (1978), 78 Cal. App. 3d 322, 144 Cal. Rptr. 257.) However, the meaning of section 11—1006(a) of the Illinois Vehicle Code is clear cut; "roadway," the only term requiring anything approaching a technical construction, is specifically defined elsewhere in the Illinois Vehicle Code. We are confident that almost any police officer who reads the statute would experience no difficulty in understanding its terms and scope.

■█ █ Officer Stachnik's testimony regarding the Schaumburg "hitchhiking" ordinance indicates that the officer's difficulty was not a matter of construing the terms of the statute or ordinance but, rather that he was unfamiliar with what the ordinance provided. In fact, Officer Stachnik candidly conceded that he had never actually read the Schaumburg ordinance on hitchhiking. While his lack of knowledge of the provisions of the said statute and ordinance may have been understandable in view of the ever-changing volume of traffic laws and local regulations, we believe that the officer must be held to have had notice of the terms of the statute and ordinance. Thus, being charged with such notice, the officer could not reasonably have believed that the defendant was committing any offense when the officer stopped him.

The lack of a reasonable belief that the defendant had committed, was committing, or was about to commit an offense means that the officer did not have probable cause to arrest the defendant, and the search could not be justified as a valid search incident to an arrest. See *People v. Gabbard* (1979), 67 Ill. App. 3d 945.

For the foregoing reasons, the defendant's conviction herein is reversed and the cause is remanded for the entry of an order granting the defendant's suppression motion.

Reversed and remanded with directions.

WOODWARD and LINDBERG, JJ., concur.