(994 P.2d 1087)
No. 82,682

CITY OF MANHATTAN, *Appellee*, v. DUANE B. LARSON, *Appellant*.

—

Opinion filed January 7, 2000.

*Ted E. Smith*, of Huser & Smith, of Manhattan, for appellant.

*Timothy A. Shultz* and *Christopher P. Getty*, assistant city attorneys, for appellee.

Before MARQUARDT, P.J., PADDOCK, S.J., and THOMAS H. BORNHOLDT, District Judge, assigned.

MARQUARDT, J.:   Duane B. Larson appeals his conviction for driving while under the influence of alcohol.

The facts of this case are largely uncontroverted. Officer Tim Schuck was on street patrol when he observed Larson driving a 1-ton flatbed truck with an expired license plate. Officer Schuck stopped Larson, immediately smelled alcohol, and observed Larson's glossy and bloodshot eyes and slurred speech. Larson could not adequately complete the field sobriety tests and failed the preliminary breath test.

Larson was charged with one count of driving while under the influence of alcohol and one count of driving a vehicle with an expired tag. Officer Schuck was not aware that owners of certain trucks had until February 15 to renew their license plates. Larson was found guilty of driving while under the influence of alcohol. The driving with an expired license plate charge was dismissed. Larson appealed his municipal court conviction to the trial court.

Larson filed a motion to suppress the evidence supporting the charge of driving while under the influence of alcohol. Larson argues that his license tag had not expired; therefore, the stop was solely based on Officer Schuck's wrongful interpretation of Kansas law. See K.S.A. 8-134.

An evidentiary hearing was held on Larson's motion. The trial court found that the stop was based on reasonable and articulable suspicions and denied the motion. Larson was convicted of driving while under the influence of alcohol. He timely appeals.

When the facts material to a decision on a motion to suppress evidence are not in dispute, the question of whether to suppress is a question of law subject to unlimited review. *State v. Rexroat,* 266 Kan. 50, 53, 966 P.2d 666 (1998).

A law enforcement officer may stop any person in a public place based upon a specific and articulable fact raising a reasonable suspicion that such person has committed or is about to commit a crime. *State v. Slater,* 267 Kan. 694, 696-97, 986 P.2d 1038 (1999); see K.S.A. 22-2402(1). A determination of what is reasonable must be based upon the circumstances judged by common sense and ordinary human experience. *State v. DeMarco,* 263 Kan. 727, 734-35, 952 P.2d 1276 (1998). In the case of a police stop of a motor vehicle, the requirements to justify a stop, search, or arrest are lessened because of its mobility. See *Slater,* 267 Kan. at 698.

Every vehicle registration expires December 31 of each year, except passenger vehicles and vehicles provided for in K.S.A. 1997 Supp. 8-134a. Under K.S.A. 8-134(a), the renewal shall take effect on January 1 of each year but the owner of the vehicle has until, and including, February 15 for such renewal. The criminal sanctions provided for in K.S.A. 1997 Supp. 8-142 are not enforceable until after February 15 of each year. K.S.A. 8-134(a).

It is undisputed that Larson's truck falls within the classification of vehicles covered by K.S.A. 8-134. Technically, his tags expired on December 31. The stickers on the license plate reflected this fact. Larson merely had a statutory grace period in which to renew his tags before he was subject to criminal sanctions for driving with an expired license plate.

Larson cites several cases from other states to support his argument for suppression. In *People v. Teresinski*, 30 Cal. 3d 822, 180 Cal. Rptr. 617, 640 P.2d 753 (1982), the defendant was charged with violating a loitering ordinance. In *People v. Molenda*, 71 Ill. App. 3d 908, 390 N.E. 2d 560 (1979), the defendant was charged with violating a hitchhiking statute. Both of these cases are factually distinguishable. In *State v. Greer*, 114 Ohio App. 3d 299, 683 N.E. 2d 82 (1996), also cited by Larson, the facts are much closer to those of the instant case. In *Greer*, an officer mistakenly believed that a driver's u-turn was in violation of an ordinance. After the stop, Greer was arrested and charged with driving while under the influence of alcohol, an unlawful turn, and failure to wear a seatbelt. The trial court suppressed the evidence and dismissed all three charges against Greer. The Ohio Court of Appeals reversed the trial court's decision, stating that it could not find the officer's "act of stopping Greer to have been unreasonable under all the circumstances." 114 Ohio App. 2d at 306. The court reversed the trial court's suppression of the evidence relating to the charges of driving while under the influence and failure to wear a seatbelt.

Officer Schuck's suspicion that Larson violated a statute by driving a vehicle with an expired license plate was reasonable because the tag had expired. Officer Schuck was unaware of the grace period provided in K.S.A. 8-134 for Larson's type of vehicle. Larson

was charged with driving with expired tags, but because of the grace period, he was acquitted of that charge in municipal court.

The statutory grace period for renewing an expired license tag does not invalidate an officer's reasonable suspicion that a statute was being violated. Had Larson not been driving while under the influence of alcohol, he would not have been convicted of any charge. Officer Schuck's suspicions were reasonable.

The trial court did not err in refusing to suppress the evidence.

Affirmed.